NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0517n.06

No. 23-1128

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 12, 2023
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| AMBER WENZEL, | ) | |
| Plaintiff-Appellant | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| v. | ) ) ) | |
| PHILLIP TREMONTI; KRISTA TREMONTI, | ) | OPINION |
| Defendants-Appellees | ) ) ) | |

Before: SUTTON, Chief Judge; WHITE and BUSH, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Plaintiff-Appellant Amber Wenzel appeals the grant of summary judgment to Defendants-Appellees Phillip and Krista Tremonti in this negligence case arising from Wenzel's fall from a zipline on the Tremontis' property. We VACATE and REMAND to allow the district court to reconsider all the issues presented in light of the Michigan Supreme Court's recent decision in *Kandil-Elsayed v. F & E Oil, Inc.*, Nos. 162907/163430, 2023 WL 4845611 (Mich. July 28, 2023).

Wenzel and her friends rented a vacation home from the Tremontis. The Tremontis, who lived next door, invited Wenzel and her friends to use a homemade zipline located on the Tremontis' residence. Phillip Tremonti had installed the zipline without a harness, so riders had to support themselves by gripping a handlebar as they rode down the zipline. According to Wenzel, although Phillip knew Wenzel could hold on for only four seconds, he told her she would

be fine, so she rode the zipline. However, partway down the zipline, Wenzel lost her grip and fell, breaking her ankle.

Wenzel filed this action against the Tremontis, bringing negligence and premises-liability claims. At the time, Michigan law held that landowners owed "'no duty to protect or warn' of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner v. Lanctoe*, 821 N.W.2d 88, 94 (Mich. 2012) (quoting *Riddle v. McLouth Steel Prod. Corp.*, 485 N.W.2d 676, 681 (Mich. 1992)). The district court dismissed Wenzel's claims under this "open and obvious" doctrine, finding that the Tremontis owed her no duty.

However, the Michigan Supreme Court significantly altered the applicable premises-liability framework in *Kandil-Elsayed v. F & E Oil, Inc*. *Kandil-Elsayed* held that (1) "the open and obvious nature of a condition" is not an element of duty; but instead "is relevant to breach and the parties' comparative fault"; and (2) "when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care." *Id.* at *4.

Because *Kandil-Elsayed* sets out a drastic shift in the framework for analyzing premises liability in Michigan, and the district court has not had the opportunity to evaluate the claims and defenses in light of it, we VACATE the grant of summary judgment and REMAND for reconsideration of all the claims in light of *Kandil-Elsayed*.